**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND G. HUNT, Jr.; SANDRA
M. HUNT,

     Plaintiffs-Appellants,

v.

USA, Department of Treasury;
INTERNAL REVENUE SERVICE,

     Defendants-Appellees.

No. 98-2039
(D. N.M.)
(D.Ct. No. CIV-97-0684-SC/LCS)

RAYMOND G. HUNT, Jr.,

     Plaintiff-Appellant,

and

SANDRA M. HUNT,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant-Appellee.

No. 98-2071
(D. N.M.)
(D.Ct. No. CIV-98-122-JP)

**ORDER AND JUDGMENT**[*]

---

   [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Raymond and Sandra Hunt appeal two district court orders dismissing separate but related complaints concerning actions taken by the government in collecting an alleged tax liability. On careful review of the parties' briefs, the district court orders, and the entire record, we affirm and dismiss this appeal.[1]

Mr. and Mrs. Hunt's first complaint seeks tort damages against the United States, the Internal Revenue Service, and the Department of Treasury, for alleged harassment by officials and employees against the Hunts in attempting to collect

---

[1] Pending before this court is also a "Motion to Strike Brief For Appellees," in which the Hunts make various conclusory and unsubstantiated allegations, similar to those made in their appeal, but fail to articulate any specific grounds for striking the government's brief. A review of the government's brief shows it complies with Fed. R. App. Proc. 28 and the rules of this court relating to the preparation and filing of briefs, and does not appear to contain any argument or reference inappropriate on appeal. We therefore deny the motion to strike.

an "erroneous" or "illegal" tax assessment or liability. The Hunts request damages of $9,079,848 for emotional and physical distress, worry, general suffering, and bodily injuries.

In addition, the Hunts filed numerous other motions alleging continued harassment by government officials and employees, seeking various forms of relief. These motions included, *inter alia*, requests to enjoin the government from collecting taxes, motions to disqualify the judge for bias towards the government, and demands for a hearing on all pending motions.

The district court issued a lengthy and thorough Memorandum Opinion and Order dismissing the complaint and addressing all pending motions. The district court determined it did not have subject matter jurisdiction over the Hunts' tort claim because (1) the United States did not waive its sovereign immunity in cases relating to the type of taxes and penalties assessed against the Hunts; (2) the Tenth Circuit provides no *Bivens*[2] remedy, for alleged due process violations associated with tax assessment and collection activities; (3) the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars injunctions against the United States for collection

_____

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

of taxes; (4) the Hunts' conclusory allegations proved insufficient to meet any exception to such a bar; and (5) the court lacked jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) and (2), which also does not apply to tort claims.

After finding it lacked subject matter jurisdiction over the complaint, the district court ruled on the Hunts' various motions. The district court (1) found it unnecessary to take action on the Hunts' "notices" of harassment; (2) denied their motions to take judicial notice of certain facts and for summary judgment on environmental allegations as not well taken; (3) held allegations of judicial bias did not rise to the level required for judicial disqualification; and (4) denied their "Motion for Order to Show Cause" why the Internal Revenue Service should not be held in contempt, as having no basis in fact or law. The district court then dismissed the action with prejudice.[3]

The second complaint the Hunts filed, entitled "Complaint to Foreclose on an Alienation of the United States Constitution," requests that a grand jury indict

---

[3] The Hunts filed their "Objection to Memorandum Opinion and Order and Demand for Rehearing," but before the district court ruled on their motion, the Hunts filed a notice of appeal. The district court denied the post-judgment motion, but the Hunts did not amend their notice of appeal. Thus, we will not consider the post-judgment order on appeal. *See* Fed. R. App. P. 4(a)(4).

certain unnamed public officers for fraud, swindling, conspiracy, and extortion. It demands the district court reinstate their first complaint, assign a competent judge, and order the government to return the money it collected with interest. The district court dismissed this complaint *sua sponte*, concluding it fails to state a claim on which relief can be granted.[4]

On appeal, we must determine whether the district court erred in dismissing the complaints. In reviewing dismissal for lack of subject matter jurisdiction, our standard of review is *de novo*. *Cooper v. American Auto. Ins. Co.*, 978 F.2d 602, 611 n.7 (10th Cir. 1992). Similarly, dismissal for failure to state a claim on which relief may be granted is reviewed *de novo*. *Chemical Weapons Working Group, Inc. v. United States Dept. of the Army*, 111 F.3d 1485, 1490 (10th Cir. 1997).

After carefully reviewing the records in both actions, and the Hunts' arguments on appeal, we **AFFIRM** the dismissal of the Hunts' two actions for

---

[4] The Hunts filed a motion to vacate the order pursuant to Fed. R. Civ. P. 60. Before the district court ruled on their motion, they filed a notice of appeal. Because the district court denied the post-judgment motion, and the Hunts did not amend their notice of appeal, the post-judgment order will not be considered on appeal. *See* Fed. R. App. P. 4(a)(4).

substantially the same reasons set forth in the district court's January 23, 1998

Memorandum Opinion and Order in Case No. 98-2039 and February 6, 1998

Order of Dismissal in Case No. 98-2071, which we attach hereto.


        **AFFIRMED**.


                                             **Entered by the Court:**

                                             **WADE BRORBY**
                                             United States Circuit Judge

Attachments not available electronically.